Malinda Griffin
_____
_____
_____
_____ : IN THE COUNTY COURT IN AND
: FOR BROWARD COUNTY, FLORIDA
: CASE NO. _____
: JUDGE  12014666
: DIV. _____

**PLAINTIFF**

VS.

Comcast Cable Communications, LLC
And Stellar Recovery, Inc.
_____
_____
_____

**DEFENDANT**

COSO

**NOTICE TO APPEAR FOR PRETRIAL CONFERENCE/MEDIATION**

DATE 11-28-12   TIME 10:30 Am

SIGNATURE _M. Mauffman_

STATE OF FLORIDA – NOTICE TO PLAINTIFF(S) AND DEFENDANT(S)
Stellar Recovery Inc. c/o Registered Agent
Brant Abraham Reiter McCormick & Johnson
50 North Laura Street, Suite 2750, Jacksonville, FL 32202

**YOU ARE HEREBY NOTIFIED** that you are required to appear in person or by attorney at the Broward County Courthouse in Courtroom ____, located at Rm 230
3550 HOLLYWOOD BLVD. HOLLYWOOD, FL 33021
on 12-18-12 at 3p M. for a **PRETRIAL CONFERENCE**.

**IMPORTANT – READ CAREFULLY**

**THE CASE WILL NOT BE TRIED AT THE PRETRIAL CONFERENCE, BUT MAY BE MEDIATED AT THAT TIME.**

**DO NOT BRING WITNESSES, YOU MUST APPEAR IN PERSON OR BY ATTORNEY.**

**WHOEVER APPEARS FOR A PARTY MUST HAVE FULL AUTHORITY TO SETTLE FOR ALL AMOUNTS FROM ZERO TO THE AMOUNT OF THE CLAIM WITHOUT FURTHER CONSULTATION. FAILURE TO COMPLY MAY RESULT IN THE IMPOSITION OF SANCTIONS, INCLUDING COSTS, ATTORNEYS FEES, ENTRY OF JUDGMENT, OR DISMISSAL.**

The defendant(s) must appear in court on the date specified in order to avoid a default judgment. The plaintiff(s) must appear to avoid having the case dismissed for lack of prosecution. A written MOTION or ANSWER to the court by the plaintiff(s) or the defendant(s) shall not excuse the personal appearance of a party or its attorney in the PRETRIAL CONFERENCE/ MEDIATION. The date and time of the pretrial conference CANNOT be rescheduled without good cause and prior court approval.

A corporation may be represented at any stage of the trial court proceedings by an officer of the corporation or any employee authorized in writing by an officer of the corporation. Written authorization must be brought to the Pretrial Conference/ Mediation.

The purpose of the pretrial conference is to record your appearance, to determine if you admit all or part of the claim, to enable the court to determine the nature of the case, and to set the case for trial if the case cannot be resolved at the pretrial conference. You or your attorney should be prepared to confer with the court and to explain briefly the nature of your dispute, state what efforts have been made to settle the dispute, exhibit any documents necessary to prove the case, state the names and addresses of your witnesses, stipulate to the facts that will require no proof and will expedite the trial, and estimate how long it will take to try the case.

## MEDIATION

Mediation may take place during the time scheduled for the pretrial conference. Mediation is a process whereby an impartial and neutral third person called a mediator acts to encourage and facilitate the resolution of a dispute between two or more parties, without prescribing what the resolution should be. It is an informal and nonadversarial process with the objective of helping the disputing parties reach a mutually acceptable and voluntary agreement.

In mediation, decision making rests with the parties. Negotiations in county court mediation are primarily conducted by the parties. Counsel for each party may participate. However, presence of counsel is not required. If a full agreement is not reached at mediation, the remaining issues of the case will be set for trial. Mediation communications are confidential and privileged except where disclosures are required or permitted by law.

---

If you admit the claim, but desire additional time to pay, you must come and state the circumstances. The court may or may not approve a payment plan and may withhold judgment or execution or levy.

**RIGHT TO VENUE. The law gives the person or company who has sued you the right to file in any one of several places as listed below. However, if you have been sued in any place other than one of these places, you, as the defendant(s), have the right to request that the case be moved to a proper location or venue. A proper location or venue may be one of the following: (1) where the contract was entered into; (2) if the suit is on an unsecured promissory note, where the note is signed or where the maker resides; (3) if the suit is to recover property or to foreclose a lien, where the property is located; (4) where the event giving rise to the suit occurred; (5) where any one or more of the defendants sued reside; (6)**

**any location agreed to in a contract; (7) in an action for money due, if there is no agreement as to where the suit may be filed, where payment is to be made.**

**If you, as the defendant(s), believe the plaintiff(s) has/have not sued in one of these correct places, you must appear on your court date and orally request a transfer, or you must file a WRITTEN request for transfer in affidavit form (sworn to under oath) with the court 7 days prior to your first court date and send a copy to the plaintiff(s) or plaintiff(s) attorney, if any.**

A copy of the statement of claim shall be served with this summons.

DATED at _____ Florida, on **NOV 1 3 2012** _____

Filed by: _Consumer Law LSC PA_
Address: _2501 Hollywood Blvd. St. 100_
_Hollywood, Fl. 33020_

HOWARD C. FORMAN
AS CLERK OF THE COURT

By _____

PHYLLIS HORWELL

A TRUE COPY
CIRCUIT/COUNTY

If you are a person with a disability who needs any accommodation in order to participate in a proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA coordinator at (954) 831-6364 (voice or TDD) within two working days of your receipt of this notice to arrange assistance.

IN THE COUNTY CIVIL COURT OF THE 17TH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FLORIDA

CIVIL DIVISION

MALINDA GRIFFIN,                                CASE NO.: 12014666

    Plaintiff,

vs.

COMCAST CABLE COMMUNICATIONS, LLC and
STELLAR RECOVERY, INC.,

    Defendants.
_____/

**A TRUE COPY**

## COMPLAINT AND DEMAND FOR JURY TRIAL

1.    Plaintiff, MALINDA GRIFFIN [hereinafter "Plaintiff"], alleges violation(s) of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. [hereinafter "FDCPA"] and pursuant to Florida Statutes § 559.55 et seq. [hereinafter "FCCPA"] versus STELLAR RECOVERY, INC and further alleges violations pursuant to Florida Statutes § 559.55 et seq. [hereinafter "FCCPA"] against COMCAST CABLE COMMUNICATIONS, LLC. Plaintiff seeks damages of $5,000.00, from each named Defendant.

2.    Plaintiff brings this action seeking damages against all Defendants for abusive debt collection practices.

### LEGAL STANDARD

3.    The characterization of the FDCPA as a strict liability statute is generally accepted. See, e.g., LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1190 (11th Cir. 2010). Pursuant to Florida Statute 559.55(2), (The FCCPA), "nothing in this part shall be continued to limit or restrict the applicability of the Fair Debt Collection Practices Act to consumer collection practices in this state. This part is in addition to the requirements and regulations of the federal

1

act. In the event of any inconsistency between any provision of this part and any provision of the federal act, the provision which is more protective of the consumer shall prevail."

### Trial By Jury

4.      Plaintiff is entitled to and hereby respectfully demands a trial by jury on all counts stated within and any issues so triable.

### Jurisdiction and Venue

5.      This Complaint is subject to the jurisdiction of this Court pursuant to 28 U.S.C. § 1331, § 1337, § 1367 and pursuant to the FDCPA 15 U.S.C. §§ 1692 et seq. and the FCCPA §§ 559.55 et seq.

6.      Venue is proper in this because the alleged acts and transactions complained of occurred here, Plaintiff resides here, and Defendants transact and/or conduct business here, and all of the above Defendants illegally attempted to collect a debt from Plaintiff within in this venue.

### Parties

7.      Plaintiff is a natural person who currently resides in the city of Fort Lauderdale Florida.

8.      Plaintiff is a "consumer" as defined by the FDCPA and FCCPA. See 15 U.S.C. § 1692a(3); Fla. Stat. § 559.55(2).

9.      Plaintiff filed a Chapter 7 bankruptcy and received a discharge. Among the discharged creditors included COMCAST CABLE COMMUNICATIONS, LLC who received notice via Schedule F.  (See Exhibit A)  Therefore, Defendant COMCAST CABLE COMMUNICATIONS, LLC had actual knowledge that Plaintiff's debt was legally and forever discharged as they also subsequently received a notice of discharge from the Court.

10. Inexplicably, COMCAST CABLE COMMUNICATIONS, LLC, collaborated with, assigned, transferred, and/or otherwise acted in concert with Defendants, in attempting to collect Plaintiff's alleged debt and conspired with STELLAR RECOVERY, INC., to illegally collect the alleged debt. it. In October, 2012, STELLAR RECOVERY, INC., began sending Plaintiff dunning letters in an illegal attempt to contact a non-existent debt. (See Exhibit B)

11. All Defendant(s) are "debt collectors" as defined by the FDCPA at 15 U.S.C., Section 1692a(6) and as contemplated by the Florida Consumer Collection Practices Act.

## SUMMARY

12. As a result of all Defendant(s) actions violating provisions of the FCCPA the Plaintiff incurred substantial damage, including but not limited financial damage. See Fla. Stat. § 559.72(9).

13. As a result of Defendant STELLAR RECOVERY INC.'S, action violating multiple provisions of the FDCPA the Plaintiff to suffered substantial unnecessary damage, including but not limited to financial damage. See 15 U.S.C. § 1692c(b); § 1692e(2); § 1692e(8); § 1692e(10); § See1692f(1).

14. Defendants are "debt collectors" as defined by the FCCPA. See Fla. Stat. § 559.55(6) (2011).

15. Defendant STELLAR RECOVERY, INC., is a "debt collector as defined by the FDCPA. See 15 U.S.C., Section § 1692a(6) (2011)

16. Due to Defendant's poor account resources and deficient billing practices, apparently Plaintiff was charged an invalid and improper amount on an account that Plaintiff was not legally liable for.

### COUNT 1 AS TO STELLAR RECOVERY, INC.
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

17.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18.     The foregoing act and omission of the Defendants constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to the Plaintiff.

19.     As a result of the Defendants' violation of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendants herein.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendants for:

A)     Damages and

B)     Attorneys' fees and costs.

### COUNT 2 AS TO STELLAR RECOVERY, INC.
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692c

20.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21.     Defendants improperly communicated an amount not permitted by law, mainly, reported an amount due and owing that Plaintiff was not legally obligated to pay to consumer credit agencies.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendants for:

A)	Damages and

B)	Attorneys' fees and costs.

### COUNT 3 AS TO STELLAR RECOVERY, INC.
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e(2)

22. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. Defendants falsely represented the character of the debt that was allegedly owed to Defendant.

24. Defendants attempted to collect the debt from Plaintiff that it knew was not legitimate.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

A)	Damages and
B)	Attorneys' fees and costs.

### COUNT 4 AS TO STELLAR RECOVERY, INC.
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e(8) and 1692e(10)

25. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. Defendants improperly communicated an alleged debt not permitted by law, mainly, reported an incorrect debt due and owing by Plaintiff to consumer credit agencies.

27. Defendants' improper discourses to the credit agencies were attempts to collect the debt from Plaintiff that it knew was not legitimate.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendants for:

A) Damages and
B) attorneys' fees and costs.

## COUNT 5 AS TO STELLAR RECOVERY, INC.
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692f(1)

28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. Defendants falsely represented the character of the alleged debt that was allegedly owed to Defendant.

30. The alleged debt that Defendants attempted to collect from Plaintiff was not expressly authorized by the agreement creating the alleged debt nor was it permitted by law.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendants for:

A) Damages and
B) Attorneys' fees and costs.

## COUNT 6 AS TO STELLAR RECOVERY, INC.
## VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT 555.72(9)

Defendant(s) expressly and willfully claimed and/or threatened to enforce an alleged debt owed by Plaintiff that Defendant(s) knew was not legitimate, had no legal right to, and was inaccurate and/or invalid. See Fla. Stat.§ 559.72(9) (2011) (stating that it is unlawful for a debt collector to "claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist").

31. As a result of the above violations of the FCCPA, Defendant(s) are liable to the Plaintiffs for actual damages and statutory damages of $1,000.00 per named Defendant found liable, together with attorney's fees and all costs of Plaintiff's representation.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment against all Defendant(s) for all of the following:

   a. Actual damages;

   b. Statutory damages pursuant to Fla. Stat. 559.72(2);

   c. Reasonable Attorneys' fees pursuant to both 15 U.S.C. § 1692 and Fla. Stat. §559.77(2);

   d. Such other and further relief as the Court may deem to be just and proper.

   e. Plaintiff respectfully demands trial by jury in this action.

### COUNT 1 AS TO COMCAST CABLE COMMUNICATIONS, LLC
### VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT 555.72(9)

Defendant(s) expressly and willfully claimed and/or threatened to enforce an alleged debt owed by Plaintiff that Defendant(s) knew was not legitimate, had no legal right to, and was inaccurate and/or invalid. See Fla. Stat.§ 559.72(9) (2011) (stating that it is unlawful for a debt collector to "claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist").

32. As a result of the above violations of the FCCPA, Defendant(s) are liable to the Plaintiffs for actual damages and statutory damages of $1,000.00 per named Defendant found liable, together with attorney's fees and all costs of Plaintiff's representation.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment against all Defendant(s) for all of the following:

    a. Actual damages;

    b. Statutory damages pursuant to Fla. Stat. 559.72(2);

    c. Reasonable Attorneys' fees pursuant to both 15 U.S.C. § 1692 and Fla. Stat. §559.77(2);

    d. Such other and further relief as the Court may deem to be just and proper.

    e. Plaintiff respectfully demands trial by jury in this action.

## Relief Requested

WHEREFORE, based on the above stated in this complaint Plaintiff has been the subject of Defendant's abusive and unfair practices in their debt collection activity was in violation of the FDCPA and FCCPA. Plaintiff respectfully requests this Honorable Court to enter judgment in favor of the Plaintiff on all counts and requested forms of relief and against all Defendants, joint and severally on all counts within limits of the law.

Dated: November 9, 2012

Respectfully Submitted,

_____
J. Dennis Card, Jr., Esq.
Email: Dcard@Consumerlaworg.com
Florida Bar No.: 0487473
Consumer Law Organization, P.A.
2501 Hollywood Boulevard, Suite 100
Hollywood, Florida 33020
Telephone: (954) 921-9994
Facsimile: (954) 921-9533
Attorney for Plaintiff

8

1327 Highway 2 W, Suite 100  
Kalispell MT 59901-3413  

201 337 00059103 A  
190268

5794650



STELLAR

Toll Free: 888-613-0234   Fax: 1-877-277-5520

MELINDA GRIFFIN

| Current Creditor: | COMCAST |
|---|---|
| Client #: | |
| Our File #: | |
| Service Balance: | $98.84 |
| Equipment Balance: | $0.00 |
| Total Due: | $98.84 |

October 15, 2012

Dear Melinda:

This account has been placed with our office for collection by the above-mentioned creditor. The above listed amount is now due and owing.

If you have any questions, please contact 888-613-0234.

Unless you notify this office within 30 days after receipt of this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

As of the date of this letter, you owe $98.84. If payment has not been made and no dispute currently exists, you may pay by credit card, by filling in the information below and returning it to our office. If you are not able to pay the entire balance today you may split your balance into three (3) equal monthly payments of $32.94 with the first payment due no later than November 4, 2012 and the other payments due every 30 days after that.

To discuss this matter with one of our account representatives contact our office today.

Sincerely,

Collection Department

This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector. If you choose to pay this amount due by credit/debit card or by check over the telephone, you may be charged a convenience and processing fee. In the alternative, you may always mail your payment directly to our office, at 1327 Hwy 2 West - Suite 100, Kalispell, MT. 59901.

EXHIBIT "A"

*** Please detach And Return Bottom Portion With Payment ***

MELINDA GRIFFIN

| Current Creditor: | COMCAST |
|---|---|
| Client #: | |
| Our File #: | |
| Service Balance: | $98.84 |
| Equipment Balance: | $0.00 |
| Total Due: | $98.84 |

STELLAR RECOVERY, INC.  
1327 Highway 2 W, Suite 100  
Kalispell MT 59901-3413

| CARD HOLDER NAME | |
|---|---|
| CARD NUMBER PLUS 3 DIGIT SECURITY CODE | EXP. DATE |
| SIGNATURE | |
| AMOUNT | CVV/CID (3-Digit Verification Code on Back of Card) |

B6F (Official Form 6F) (12/07) - Cont.

In re   Malinda Sue Griffin                                              Case No. 

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. ▇▇▇▇<br>Colorado Mountain Medical<br>POB 5850<br>Eagle, CO 81631 | | | 10/1/09<br>Medical | | | | 41.28 |
| ACCOUNT NO. ▇▇▇▇<br>Columbia Medical Associates<br>POB 3867<br>Spokane, WA 99220 | | | Medical | | | | 387.34 |
| ACCOUNT NO. ▇▇▇▇<br>Comcast Cable Communications<br>POB 34878<br>Seattle, WA 98124<br><br>ER Solutions<br>for Comcast<br>POB 9004<br>Renton, WA 98057<br>NOTE:  ERS #A-92279885 | | | 11/10 - 12/10<br>Cable service | | | | 98.84 |
| ACCOUNT NO. ▇▇▇▇<br>Cornerstone Courtyard Apts<br>c/o Eric M Stevens PS<br>W 1403 Boone Ave<br>Spokane, WA 99201<br><br>Bonded Adjustment Co<br>for Cornerstone Courtyard Apts<br>W 1229 1 Ave<br>Spokane, WA 99201 | X | | 4/12/10<br>Early lease termination | | | | 1,427.01 |

Sheet no. 2 of 4 continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal > $ 1,954.47

Total > $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical Summary of Certain Liabilities and Related Data.)

Exhibit "B"

